# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SCOTT ERIC HOUSTON (#602008)**               **CIVIL ACTION NO.**

**VERSUS**                                      **22-461-BAJ-EWD**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SCOTT ERIC HOUSTON (#602008)**     **CIVIL ACTION NO.**

**VERSUS**                            **22-461-BAJ-EWD**

**JAMES M. LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Scott Eric Houston ("Houston").[1] Pursuant to screening mandated by 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that the Court decline the exercise of supplemental jurisdiction over Houston's potential state law claims and that Houston's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim.

**I.   BACKGROUND**

Houston filed his Complaint under 42 U.S.C. § 1983 against James M. LeBlanc, Aftin Gaddy, Jeremy McKey, Jaine Babel, Amber Vittorio, Shawnee Davis, Anne Marie Easley, and Tim Hooper (collectively "Defendants"), alleging that Defendants violated Houston's constitutional rights by failing to correct his master prison record and by listening to a phone call.[2] Houston seeks injunctive and monetary relief.[3]

**II.  LAW & ANALYSIS**

**A.  Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a plaintiff who has been permitted to file suit without prepaying the entire filing fee ("IFP") if

---

[1] R. Doc. 1.
[2] R. Docs. 1 & 1-1.
[3] R. Doc. 1, p. 8.

the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[9]

While the screening process gives courts the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted IFP; §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Houston was granted permission to proceed IFP on July 20, 2022, so both statutes apply. R. Doc. 6.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii), § 1915A, and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. The Master Prison Record is Correct[14]

Houston alleges that his due process rights were and are being violated because Defendants refuse to remove false information from his master prison record.[15] It appears Houston is under the impression that he was only convicted of aggravated second degree battery and he alleges that the conviction and sentence under La. R.S. 14:64 for armed robbery does not exist.[16] Houston attached to his Complaint the uniform commitment orders forming the basis of his incarceration and other relevant documents.[17] One uniform commitment order, dated July 9, 2014, indicates Houston was convicted of armed robbery with a firearm under La. R.S. 14:64, and sentenced to

---

[11] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] Based upon information included in Houston's Motion for Temporary Restraining Order, it appears Houston also takes issue with the fact that he was indicted for "armed robbery with a firearm," but his master prison record merely says "armed robbery." R. Doc. 3, p. 3. To the extent Houston seeks to have his prison record changed to reflect "armed robbery with a firearm" rather than "armed robbery," such a change does not entitle him to accelerated release but is properly brought under § 1983. *See Rhodes v. Davis*, No. 19-4183, 2020 WL 8996700, at *2 (noting that a change in the type of custodial classification of an inmate, which was sought, was not properly brought as a habeas claim because it did not entitle the inmate to accelerated release). Conversely, to the extent Houston is seeking accelerated release from custody, he must file a writ of habeas corpus, and any such claim is subject to dismissal from this action. With respect to Houston's claim to correct his master prison record, the statute cited in the Uniform Commitment Order is La. R.S. 14:64, which is "armed robbery," not La. R.S. 14:64.3, which is provides for a heightened penalty when the armed robbery is committed using a firearm and specifically notes that "when the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years…." Further, the Louisiana Second Circuit Court of Appeals affirmed Houston's conviction under La. R.S. 14:64, not La. R.S. 14:64.3. *State v. Houston*, 50, 126; 50, 127 (La. App. 2 Cir. 11/18/15) 181 So.3d 188. The listing of "armed robbery" without the clause "with a firearm" on Houston's master prison record does not rise to the level of any apparent constitutional violation; accordingly, this claim is without merit.
[15] R. Doc. 1, p. 4.
[16] R. Doc. 1-1, pp. 3-4.
[17] *See Lewis v. Guillot*, 583 Fed. Appx. 332, 333 (5th Cir. 2014), citing *Collins v. Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 1999) (in determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(b), the court is permitted to consider attachments to the complaint).

sixty years, without the benefit of probation, parole, or suspension of sentence.[18] The second uniform commitment order, also dated July 9, 2014, indicates Houston was also convicted of aggravated second-degree battery and sentenced to ten years.[19] According to the Minutes in Docket No. 313700, which matches the docket number on the uniform commitment order for the aggravated second degree robbery charge, the court ordered the ten year sentence to run consecutively to the sentence in Docket No. 314868 (the 60 year sentence for the armed robbery).[20] Both uniform commitment orders also have identifying information about Houston, including the same race, sex, date of birth (X/XX/1994), and the same State ID Number (002736035).[21]

      These documents are not ambiguous, and the opinion from the Louisiana Second Circuit Court of Appeals that affirmed Houston's conviction and sentence also confirms a total sentence of seventy years for armed robbery and aggravated second-degree battery as a second felony habitual offender.[22] The master prison record reflects this same information—that Houston's total sentence is for 70 years.[23] The Complaint and its attachments do not support Houston's contention that he was only to serve a 10 year sentence for aggravated second-degree battery.[24] Indeed, the Complaint has many documents and letters attached noting that Houston's master prison record correctly reflects a conviction for aggravated second-degree battery *and* armed robbery with a total sentence of 70 years.[25] Based on his own facts, Houston cannot state a claim for correction of his

---

[18] R. Doc. 1-2, p. 1. The Minutes from the First Judicial District Court also reflect that Houston was sentenced to 60 years hard labor without the benefit of probation, parole or suspension of sentence in Docket No. 314868, which matches the docket number on the Uniform Commitment Order involving the armed robbery with a firearm charge. R. Doc. 1-2, p. 2.
[19] R. Doc. 1-2, p. 25.
[20] R. Doc. 1-2, p. 25.
[21] R. Doc, 1-2, pp. 1, 25. This is also the same identifying information reflected in Houston's master prison record. *See, e.g.*, R. Doc. 1-2, p. 29.
[22] *State v. Houston*, 50,126; 50,127 (La. App. 2 Cir. 11/18/15) 181 So.3d 188, 189-90. Houston appealed the sentences as excessive.
[23] R. Doc. 1-2, p. 3.
[24] R. Doc. 1-2, p. 10.
[25] *See e.g.*, R. Doc. 1-2, pp. 21, 28

4

master prison record. Even if Houston had submitted information to the effect that he was only sentenced to ten years for aggravated second-degree battery, a civil rights action under 42 U.S.C. § 1983 is not the appropriate vehicle to bring that claim. A writ of habeas corpus is the proper means to challenge the fact or duration of confinement.[26]

### C. Houston has not Stated a Claim with Respect to Officers Listening to His Phone Calls

Houston alleges Defendants violated his First, Fifth, and Fourteenth Amendment rights by "intentionally interfering with his private legal call to gather information to correct his master file information."[27] Houston alleges that McKey approved Houston for a legal call, but Davis listened to the call and allegedly passed on information "that was use [sic] to harm the plaintiff."[28] The alleged phone call occurred on May 24, 2021. Houston called the Louisiana State Police-Bureau of Criminal Identification and Information, and McKey had allegedly instructed Davis to listen to the call.[29] Houston asked Davis for assistance in obtaining information requested by the State Police.[30] Davis requested the information from Babel, at which time Babel refused to disclose the information and instead spoke to the State Police, informing the representative that Houston's master prison record was correct.[31]

Though Houston alleges Defendants have violated the "Privacy Act," he cannot state a claim in this regard.[32] The Privacy Act of 1974 is codified in 5 U.S.C. § 552a and "regulates the

---

[26] *See Branch v. Stalder*, No. 07-586, 2007 WL 2377342, at *1 (W.D. La. Aug. 3, 2007) (the plaintiff could not properly challenge sentence reflected on master prison record in a civil rights action); *Smith v. Wilkinson*, No. 08-53, 2008 WL 891992, at *1 (W.D. La. Feb. 21, 2008) (same). As noted in *Branch*, a plaintiff is also required to exhaust state court remedies before filing a federal habeas petition or the habeas claim is subject to dismissal. *Branch*, 2007 WL 2377342, at **1-2. To the extent Houston seeks monetary damages because he alleges he is entitled to an earlier release date than is reflected on his master prison record, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Moten v. Louisiana Dept. of Corr.*, No. 07-327, 2007 WL 2021933, at *2 (W.D. La. June 20, 2007).
[27] R. Doc. 1, p. 4.
[28] R. Doc. 1, pp. 6-7.
[29] R. Doc. 1-1, p. 4.
[30] R. Doc. 1-1, p. 5.
[31] R. Doc. 1-1, pp. 5-6.
[32] R. Doc. 1-1, p. 2.

collection, maintenance, use, and dissemination of information about individuals by federal agencies."[33] The Privacy Act is, thus, limited to actions against agencies of the federal government.[34] None of the facts alleged by Houston suggest any federal actors. Accordingly, Houston cannot state a claim under the Privacy Act.

To the extent Houston's Complaint is genuinely about officers listening in on his phone call, he has not stated a claim. Listening to phone calls is a routine part of jail security that does not offend the constitution, and though Houston classifies this as a "legal" phone call, he was not speaking to his attorney and was not entitled to any additional privacy in that regard.[35]

To the extent Houston alleges that jail officials interfered with his access to the courts, he fairs no better. It appears Houston may be alleging that his inability to obtain records from the Louisiana State Police as a result of Defendant Babel's listening to his phone call interfered with his access to the courts.[36] However, Houston notes that he did eventually obtain the information he sought from the Louisiana State Police.[37] He does not indicate how the delay in obtaining the information interfered with his access to the courts, and considering that Houston's master prison record was and is correct, it does not appear that he could have brought any successful legal action regarding the delay in obtaining information.[38] The "rap sheet" attached to Houston's complaint obtained from the State Police also indicates Houston was convicted of armed robbery in violation

---

[33] *Sadler v. Department of Justice*, No. 18-1695, 2019 WL 4644030, at *2 (D.C. Sept. 23, 2019) (internal quotations and citations omitted).
[34] *Steward v. Bryan*, No. 02-61059, 2003 WL 22295510, at *1 (5th Cir. 2003) (private right of action under the Privacy Act is limited to actions against agencies of the federal government).
[35] *Massey v. Cain*, No. 15-3701, 2016 WL 8201926, *17 (E.D. La. 2016) ("Courts have consistently held that detainees lack an objectively reasonable expectation of privacy in phone calls made from prisons or jails"); *Gilcrease v. Prator*, No. 20-1322, 2022 WL 2196592, at *6 (W.D. La. Mar. 30, 2022), *report and recommendation adopted*, No. 20-1322, 2022 WL 2195455 (W.D. La. June 17, 2022) (dismissing claim that deputies listened to plaintiff's phone calls).
[36] R. Doc. 1-1, pp. 5-6.
[37] R. Doc. 1-1, p. 6,
[38] *Lewis v. Casey*, 518 U.S. 343, 356 (1996) (an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights). Here, Houston has no legitimate constitutional right to assert based upon the information obtained from the Louisiana State Police.

6

of La. R.S. 14:64 and aggravated second degree battery in violation of La. R.S. 14:34.7 and sentenced to 60 and 10 years, respectively, to be served consecutively.[39] Thus, Houston cannot state a claim regarding the alleged phone call eavesdropping or interference.

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Houston seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[40] Having recommended that Houston's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Scott Eric Houston's potential state law claims, that Houston's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[41]

---

[39] R. Doc. 1-2, p. 36. The "rap sheet" also has the same identifying information in terms of Houston's race, sex, date of birth and state ID number as the master prison record and the uniform commitment orders, discussed above.
[40] 28 U.S.C. § 1367.
[41] Houston is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

**ORDER**

Considering the above recommendation for dismissal of the case on screening, **IT IS ORDERED** that the pending Motions[42] are **DENIED**, without prejudice to reurging, if the recommendation for dismissal is not adopted.

Signed in Baton Rouge, Louisiana, on February 17, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] R. Docs. 4, 7, & 11. Houston's pending motions to amend do not add any substantive facts to his original Complaint, rather, the intent of the proposed amendments appears to be to verify the original Complaint. As such, these amendments would not change the outcome of the screening. As to the request for counsel, Houston has no automatic right to counsel and appointment of counsel is not warranted where, as here, the facts alleged do not support a plaintiff's claims.